IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**IN THE MATTER OF**
**Real-Estate Forbearance Contract:**
**BILLY L. EDWARDS,**

    **Plaintiff,**

    **-vs-**                                                                          **No. CIV-02-00781 LH/LCS**

**THE STATE OF NEW MEXICO,**
**THE BANK OF NEW YORK,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on motions to dismiss the complaint filed by Defendant Bank of New York on July 26, 2002 (Docket No. 11) and by Defendant State of New Mexico on August 7, 2002 (Docket No. 17). In reviewing a *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court, having considered these materials, concludes that Defendants' motions are well-taken and shall be granted.

**I. Standard for Motion to Dismiss**

Granting a motion to dismiss is a harsh remedy that must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading, but also to protect the interest of justice. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). In ruling on

a motion to dismiss, the Court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the Court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't Interior Secretary*, 163 F.3d 1150, 1152 (10th Cir. 1998).

## II. Subject Matter Jurisdiction

In their motions to dismiss, Defendants claim that this court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). A case will be dismissed if the Plaintiff cannot show that a federal question is at issue, *see Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989), or that the dispute is between completely diverse parties and exceeds the threshold amount of $75,000. *See City of Indianapolis v. Chase Int'l Bank,* 314 U.S. 63 (1941). The Court has stated that "to sustain diversity jurisdiction there must exist an actual controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *Id.* at 69. In the instant case, Plaintiff is a citizen of New Mexico, and has sued the State of New Mexico. Obviously, this case does not have complete diversity.

As an alternative to diversity jurisdiction, this Court would have jurisdiction if this case involves a federal question. The Plaintiff appears to state that because he is filing a Writ of Subpoena, a constitutional issue is involved, and this Court therefore has subject matter jurisdiction. *(See* Plaintiff's Petition for Review and Writ of Subpoena (Docket No. 1)). Plaintiff also claims that his being deprived of property violates the bill of rights. Whether or not these claims bestow jurisdiction on this court or are valid need not be addressed for the reasons discussed in the section below.

**III. United States District Court Review of a State Judicial Decision**

In their motions to dismiss, Defendants assert that this Court cannot hear an appeal of a state court decision. In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), the Court stated that a "United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court." *Id.* at 482. In this case, the Sixth Judicial District Court of New Mexico entered judgment against the Plaintiff. This decision was affirmed and the New Mexico Supreme Court subsequently denied Plaintiff's application for a writ of certiorari. Plaintiff has exhausted his state court remedies, and is now trying to use this court to overturn the state court's judgment. However, this court does not have the authority to hear such an appeal.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant Bank of New York's Motion to Dismiss, (Docket No. 11) and Defendant State of New Mexico's Motion to Dismiss, (Docket No. 17) are **granted in full** and this case will be **dismissed** in its entirety.

_____
UNITED STATES DISTRICT JUDGE